**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SALVADOR HERNANDEZ,
Petitioner,

v.

No. 97-1879

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-121-280)

Submitted: November 25, 1997

Decided: February 2, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Christopher C. Fuller, Senior
Litigation Counsel, Alison Marie Igoe, Office of Immigration Litiga-
tion, Civil Division, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Salvador Hernandez, a citizen of El Salvador, seeks review of a Board of Immigration Appeals (BIA) decision and order affirming the immigration judge's decision finding Hernandez deportable, denying his application for asylum[1] and withholding deportation,[2] and granting voluntary departure. Hernandez, who entered the United States without inspection in July 1991, claims that he was persecuted while in El Salvador and that he has a well-founded fear of persecution if he returns to El Salvador. After review, we deny the petition.

To be eligible for refugee status and discretionary asylum, Hernandez must show a reasonable possibility of persecution, or that a reasonable person in similar circumstances would fear persecution on account of his political beliefs or one of the other enumerated provisions of the statute. Hernandez testified at the hearing held by the immigration judge that he feared for his life if he returned to El Salvador because he belonged to a civil defense organization from 1990 to 1991. According to Hernandez, ex-guerillas might recognize him and attempt to kill him in retribution for lost loved ones, even though Hernandez had a limited role in the war and did not participate in direct combat with the guerillas. Hernandez also claimed that his brother during a thirty-day visit to El Salvador was accosted by armed men looking for him; however, Hernandez could not provide the identities of the men, nor could he verify that the men were ex-guerillas.

The statute provides that administrative findings of fact are conclusive unless a reasonable adjudicator is compelled to conclude otherwise.[3] Therefore, we will uphold the decision of the BIA unless

_____

[1] **See** 8 U.S.C.A. § 1158(a) (West 1970 & Supp. 1997).
[2] **See** 8 U.S.C.A. § 1253(h) (West 1970 & Supp. 1997).
[3] **See** 8 U.S.C.A. § 1252(b)(4)(B) (West 1970 & Supp. 1997).

2

the evidence compels the conclusion that the petitioner has a well-founded fear of persecution because of his political opinion or one of the other enumerated bases in the statute.**4** In this case, the evidence simply does not compel the conclusion that Hernandez will be subjected to persecution or other harm upon his return to El Salvador.

The immigration judge found Hernandez unable to satisfy the standards for granting asylum or withholding deportation. While guerillas detained Hernandez for a period of time in April 1990, Hernandez failed to meet his burden that the guerillas' intent was to punish him for his membership in the civil defense or his political opinions. Hernandez testified that the guerillas repeatedly asked him questions and requested information during his detention, but Hernandez acknowledged that he was released unharmed and that he did not leave El Salvador for another fifteen months. Further, even if Hernandez's brother was accosted by armed men allegedly looking for Hernandez, Hernandez failed to establish that the men were ex-guerillas or that they sought him because of his membership in the civil defense. Unfortunately, violent crime is a common by-product of civil unrest,**5** and nothing indicates that his brother's attackers were more than violent criminals. While Hernandez's detention seven years ago may have been terrifying, the record does not compel a finding that the immigration judge erred in finding that Hernandez failed to establish a well-founded fear of persecution on account of actual or imputed political opinion or any of the other grounds for which asylum may be granted: race, religion, nationality, or membership in a particular social group.**6**

In conclusion, Hernandez failed to establish that ex-guerillas will persecute him because of his former membership in the civil defense, or that he faces any harm beyond the civil unrest in El Salvador itself.**7** While conditions in El Salvador remain imperfect, Hernandez's parents continue to live in El Salvador without incident, and a State

_____

**4 See I.N.S. v. Elias-Zacarias**, 502 U.S. 478, 481 (1992).
**5 See Huaman-Cordelio v. Board of Immigration Appeals**, 979 F.2d 995, 1000 (4th Cir. 1992).

**6 See M.A. v. I.N.S.**, 899 F.2d 304, 312-14 (4th Cir. 1990) (in banc).
**7 See Elias-Zacarias**, 502 U.S. at 483; M.A., 899 F.2d at 314-15.

3

Department report on human rights concludes that similarly situated individuals have little to fear upon returning to El Salvador.

Because substantial evidence supports the decision of the BIA, Hernandez's petition for review is denied, and the decision of the Board of Immigration Appeals is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4